11-2825-cv
Dugan v. Social Security Administration

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of October, two thousand twelve.

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
                      *Circuit Judge*s.

_____

ROBERT D. DUGAN,

                 *Plaintiff-Appellant*,

            -v-                                        11-2825-cv

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER

                 *Defendant-Appellee*.

_____

Appearing for Appellant:     ANTHONY B. LAMB, Williston, VT.

Appearing for Appellee:      KAREN BURZYCKI (Tristram J. Coffin, United States Attorney for the District of Vermont, Carol L. Shea, Chief, Civil Rights Division, Sujata M. Rodgers, Special Assistant United States Attorney, Burlington, Vermont, *on the brief*) *for* Michael J. Astrue, Commissioner of Social Security.

Appeal from the United States District Court for the District of Vermont (Conroy, *Mag. J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Robert D. Dugan appeals from an order of the district court (Conroy, *Mag. J.*) affirming the Commissioner of Social Security's denial of his application for disability insurance and supplemental security income benefits under the Social Security Act. We assume the parties' familiarity with the underlying facts and procedural history of the case, including the findings of the Administrative Law Judge ("ALJ").

"When deciding an appeal from a denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion. We review the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Acierno v. Barnhart*, 475 F.3d 77, 80-81 (2d Cir. 2007) (internal quotation marks and citations omitted). "Substantial evidence is more than a mere scintilla. It means such *relevant* evidence as a *reasonable* mind might accept as adequate to support a conclusion." *Brault v. SSA*, 683 F.3d 443, 447-48 (2d Cir. 2012) (internal citations and quotation marks omitted).

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration applies a five-step sequential test to determine if a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

Dugan argues that the ALJ erred at step five when he determined that Dugan could adjust to "other work" which "exist[s] in significant numbers in the national economy (either in the region where [claimant] live[s] or in several regions in the country)." 20 C.F.R. § 416.960. In making this determination, the ALJ relied on the testimony of vocational expert Ralph P. Richardson, who identified two jobs listed in the *Dictionary of Occupational Titles* ("DOT") that Dugan could perform: stuffer (DOT code number 731.685-014), with 225 positions in Vermont and 177,000 nationwide, and marker (DOT code number 209.587-034), with 375 positions in Vermont and 167,000 nationwide. On cross-examination, Dugan's attorney questioned the vocational expert on the source of his job numbers and requested a copy of the data used. The vocational expert stated that his numbers were based on labor market surveys compiled by 58 counselors in New England states based on DOT, done for the Department of Labor. Because the surveys were confidential, the vocational expert did not have authority to release them, and the ALJ did not require production. Dugan argues that, because of this, the ALJ erred in relying on the vocational expert's testimony and there was not substantial evidence for the ALJ's determination.

2

In *Brault*, we recently held that it is enough that a vocational expert "identified the sources he generally consulted to determine such figures," noting the "the marked absence of any applicable regulation or decision of this Court requiring a vocational expert to identify with greater specificity the source of his figures or to provide supporting documentation." 683 F.3d at 443 (2d Cir. 2012) (internal quotation marks and citations omitted). We therefore upheld the ALJ's determination on substantial evidence grounds. *Id.* We do the same here.

We have considered all of Dugan's other arguments and find them without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3